UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
(SOUTHERN DIVISION)

J. LINCOLN CROCKER, individually and on
behalf of all others similarly situated,

      Plaintiffs,

vs.

                                 Case No. 09-13158
                                 Hon. David M. Lawson

BBC EQUITIES, L.L.C.; BRAVATA FINANCIAL
GROUP, L.L.C.; BBC CAPITAL, L.L.C.; BBC
HOLDINGS 1-50, LLC; BBC HOLDINGS I-XI,
LLC; FERNDALE LOFTS, LLC; PHOENIX
VENTURES CAPITAL, LLC; JOHN J. BRAVATA;
JAMES JOE BRAVATA; RICHARD J. TRABULSY;
ANTONIO M. BRAVATA; SHARI A. BRAVATA;
JOHN SELLERS; AARON SIMON; and
EQUITY TRUST COMPANY,

      Defendants.

---

Mark L. Newman (P51393)
Christopher D. Kaye (P61918)
Attorneys for Plaintiff
950 W. University Drive, Suite 300
Rochester, MI 48307
(248) 841-2200
mln@millerlawpc.com

Stuart Sinai (P20523)
Kemp Klein Law Firm
Attorneys for Aaron Simon, Only
201 W. Big Beaver Road, Suite 600
Troy, MI 48084
(248) 528-1111
stuart.sinai@kkue.com

---

### ANSWER TO
### FIRST AMENDED CLASS ACTION COMPLAINT BY
### AARON SIMON, ONLY AND AFFIRMATIVE DEFENSES

     NOW COMES Defendant Aaaron Simon, Only, by and through his attorneys, Kemp

Klein Law Firm, and for his Answer states as follows:

#### Overview

     1.     Defendant Aaron Simon ("Simon) denies he improperly or illegally "assisted"

anyone concerning the subject of this Complaint or that he engaged intentionally, knowingly

or negligently in the perpetration or operation of an alleged ponzi scheme.

2.    It is admitted that Defendant Simon was led to believe and therefore understood this was a bona fide real estate investment fund; as to the remainder of the allegation, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

3.    Defendant Simon neither admits nor denies for lack of specific knowledge or information.

4.    Defendant Simon neither admits nor denies for lack of specific knowledge or information.

5.    Defendant Simon denies he engaged in lavish spending and as to the remaining allegations neither admits nor denies for lack of specific knowledge or information.

6.    Defendant Simon denies any malfeasance and as to the remaining allegations therein, neither admits nor denies for lack of specific knowledge or information.

## The Parties

7.    Defendant Simon believes that John Bravata was manager, co-founder and chairman of BBC Equities and Bravata Financial; as to the other allegations, neither admits nor denies for a lack of specific knowledge or information.

8.    Defendant Simon believes that Richard Trabulsy was a manager, co-founder and officer of BBC Equities and Bravata Financial; as to the remaining allegations Defendant Simon neither admits nor denies for lack of specific knowledge or information.

9.    Defendant Simon believes that Joe Bravata is the brother of John Bravata; as to the remaining allegations therein, Defendant Simon neither admits nor denies for a lack of specific knowledge or information.

10.    Defendant Simon admits that BBC Equities was described to him to be a real estate investment fund and that John Bravata told him that "BBC" stood for "Billionaire Boys Club" but he did not understand and never thought and had no reason to believe such nom de querre had or made reference to any fraudulent scheme; as to the remaining allegations, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

KEMP, KLEIN, UMPHREY, ENDELMAN & MAY, PC

11.    Defendant Simon believes Bravata Financial was owned by John Bravata and Richard Trabulsy and that Bravata Financial was intended to be a financial and estate planning firm; as to the remaining allegations therein, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

12.    Defendant Simon believes that Antonio Bravata is John Bravata's son; as to the remaining allegations Defendant Simon neither admits nor denies for lack of specific knowledge or information.

13.    Defendant Simon admits he was a resident of Kalamazoo County but has now moved to Traverse City, Michigan and that he was an employee of one of the Corporate Defendants but neither admits nor denies the balance as it constitutes mere legal conclusions except to admit he was hired to run the Kalamazoo office and did locate some investors.

14.    To Defendant Simon's best knowledge and information, John Sellers was an attorney for one or more of the Corporate Defendants and did prepare materials including a private placement memorandum ("PPM"); as to the balance of the allegations, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

15.    Defendant Simon neither admits nor denies for lack of specific knowledge or information.

16.    Defendant Simon neither admits nor denies for lack of specific knowledge or information.

17.    To Defendant Simon's best knowledge, Plaintiff Crocker is a resident of Kalamazoo County and to Defendant Simon's best belief, the $250,000 has not been returned to Crocker; Defendant Simon further indicates he was not a willing, intentional, knowing or negligent party to any "scheme" nor did he act in reckless manner, and that he never had a mental state embracing intent to deceive, manipulate or defraud, nor did he act with deliberate fraud nor did he know about any alleged fraudulent ponzi scheme and he surely did not deliberately shut his eyes to any scheme and as proof thereof, he, his father and his father-in-law were investors themselves.

## Class Action Allegation

18.    Legal conclusions and statements that require no answer.

3

19.    Defendant neither admits nor denies for lack of specific knowledge or information sufficient to answer.

20.    Defendant neither admits nor denies for lack of specific knowledge or information sufficient to answer.

21.    Defendant neither admits nor denies for lack of specific knowledge or information sufficient to answer.

22.    Defendant neither admits nor denies for lack of specific knowledge or information sufficient to answer.

23.    Defendant neither admits nor denies for lack of specific knowledge or information sufficient to answer.

24.    Defendant neither admits nor denies for lack of specific knowledge or information sufficient to answer.

25.    Defendant neither admits nor denies for lack of specific knowledge or information sufficient to answer.

## Jurisdiction and Venue

26.    Defendant Simon neither admits nor denies as these are statements or conclusions of law that require no answer.

27.    Defendant Simon admits he is a resident of Michigan; all other allegations are legal statements or conclusions of law that require no answer or that Defendant Simon can neither admit nor deny for lack of specific knowledge or information.

28.    Defendant Simon neither admits nor denies for lack of specific knowledge or information.

## Facts

29.    Defendant Simon did not become an employee of Defendant Bravata Financial until July 2008 and therefore neither admits or denies for lack of specific knowledge or information sufficient to answer.

30.    Defendant Simon did not become an employee of Defendant Bravata Financial until July 2008 and therefore neither admits or denies for lack of specific knowledge or information sufficient to answer.

4

31.    Defendant Simon admits that after his hire in July 2008, he did attend several of these luncheon seminars.  Defendant Simon also believes some attendees were then contacted by BBC or Bravata employees; as to the remaining allegations Defendant neither admits nor denies for lack of specific knowledge or information.

32.    After his hire in July 2008, Defendant Simon admits he was at several seminars but none at which "12%" was mentioned, but at which 8% was. Defendant Simon further admits that Mr. Bravata told him they had been paying 12% but participants thought 12% seemed too good to be true, but that Bravata never told him such 8%, or for that matter, 12% returns, were not actual returns earned by Bravata Financial or BBC Equities and that Bravata's reasons for the reduction seemed sensible at the time and provided no clue or indication of a scheme to defraud anyone.

33.    Defendant Simon admits he understood investors could use Equity Trust as custodian for self-directed IRA accounts; as to the remaining allegations, Defendant neither admits nor denies for lack of specific knowledge or information.

34.    Defendant Simon indicates that at seminars he attended, he did not hear that large sums would be used to pay Bravata's or Trabulsy's personal expenses or that attendees' investment proceeds would be used in a ponzi scheme or that investors' returns were dependent on soliciting new investors to finance payment due to prior investors and Defendant Simon further answers he was unaware that such things were or had occurred.

35.    Defendant Simon does believe John Sellers prepared, reviewed and approved PPMs; Defendant Simon further admits that there was a PPM used after his July 2008 hire and that it was prepared by John Sellers; as to the remaining allegations, he neither admits nor denies for lack of specific knowledge or information.

36.    With regard to what is represented in the PPMs, they speak for themselves but Defendant Simon further answers that he was unaware anything in that PPM was untrue or misrepresented or that it omitted materials facts; as to the remaining allegations Defendant Simon neither admits nor denies for lack of specific knowledge or information.

37.    As Defendant Simon did not become employed by Bravata Financial Group until July 2008 in its Kalamazoo office, he neither admits nor denies for lack of specific knowledge or information.

KEMP, KLEIN, UMPHREY, ENDELMAN & MAY, PC

5

38.    As Defendant Simon did not become employed by Bravata Financial Group until July 2008 in its Kalamazoo office, he neither admits nor denies for lack of specific knowledge or information.

39.    The allegations refer to "all" Defendants and Defendant Simon is not aware of what each Defendant may or may not have done but does admit he did provide the (referred to in Plaintiff's Complaint as the "second") PPM to several potential investors; as to what was offered, the PPM best speaks for itself and as to the remaining allegations, Defendant Simon neither admits nor denies for lack of specific knowledge or information, except to state that when OFIR issued a cease and desist order on approximately March 30, 2009, the Kalamazoo office of Bravata stopped offering the BBC Equities real estate investment.

40.    Defendant Simon was not a "Senior Defendant" and the PPM speaks best for itself; as to the other allegations therein, Defendant Simon answers he was unaware of any alleged improprieties, misrepresentations, omissions of material fact, or of any misappropriations of investor proceeds.

41.    The PPM's speak best for themselves; as to the remaining allegations, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

42.    The PPM referred to speaks for itself and as to Defendant Simon, he, as an investor, along with his father and father-in-law believed, and had no reason to doubt, what was in the PPM; as to the other allegations Defendant Simon neither admits nor denies for lack of specific information.

### The Fraud

43.    Defendant Simon is not a "Senior Defendant" and can neither admit nor deny what they did or did not do for lack of specific knowledge or information; as to any website it speaks for itself; as to any other allegation, Defendant Simon neither admits nor denies for lack of specific knowledge or information what all those "Senior Defendant" did or did not do; however, Defendant Simon does admit he did hand out some Fund Facts pages which he understood were reviewed and approved by John Sellers, the attorney for BBC Equities and Bravata Financial.

44.    What was contained in the website and television interview speak for themselves; however, Defendant Simon indicates he had nothing to do with such website or

6

television interviews and as to the remaining allegations Defendant Simon neither admits nor denies for lack of specific knowledge or information.

45.    The website speaks for itself.

46.    Defendant Simon is not a "Senior Defendant" and presumes the advertisement referred to speaks best for itself; as to the other allegations, Defendant Simon neither admits nor denies for lack of specific information.

47.    Defendant Simon had no participation in preparing the referred to advertisement or any purported television interviews and neither admits nor denies the allegations contained therein for lack of specific knowledge or information except to admit that John Bravata did tell him that he (Bravata) did not receive a salary from BBC nor receive any money from BBC unless BBC turned a profit.

48.    Defendant Simon neither admits nor denies for lack of specific knowledge or information.

49.    Defendant Simon neither admits nor denies for lack of specific knowledge or information.

50.    Defendant Simon neither admits nor denies for lack of specific knowledge or information sufficient to answer.

51.    Defendant Simon neither admits nor denies for lack of specific knowledge or information sufficient to answer.

52.    Defendant Simon neither admits nor denies for lack of specific knowledge or information sufficient to answer.

53.    Defendant Simon neither admits nor denies for lack of specific knowledge or information sufficient to answer.

54.    Defendant Simon neither admits nor denies for lack of specific knowledge or information sufficient to answer.

55.    Defendant Simon neither admits nor denies for lack of specific knowledge or information sufficient to answer.

56.    Defendant Simon neither admits nor denies for lack of specific knowledge or information sufficient to answer.

57.    Defendant Simon neither admits nor denies for lack of specific knowledge or information except to admit he was entitled to 3% commissions on certain sales of BBC

7

Equities and that if other employees produced sales of BBC Equities investments in an amount twice their annual salary they would then be entitled to 3% commissions on sales in excess of their monthly requirements.

58. Defendant Simon neither admits nor denies for lack of specific knowledge or information.

59. Defendant Simon neither admits nor denies for lack of specific knowledge or information.

60. The financial statements best speak for themselves.

61. Defendant Simon was not a "Senior Defendant" and due further to its ambiguity and legal conclusions neither admits nor denies for lack of specific knowledge or information.

62. Admit.

63. After the Order from OFIR the Kalamazoo office stopped offering BBC Equities real estate investments; as to the other allegations therein, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

64. Defendant Simon answers that he resigned on June 30, 2009 and as to the allegations therein he neither admits nor denies for lack of specific knowledge or information.

65. Defendant Simon answers that he resigned on June 30, 2009 and as to the allegations therein he neither admits nor denies for lack of specific knowledge or information.

66. Defendant Simon answers that he resigned on June 30, 2009 and as to the allegations therein he neither admits nor denies for lack of specific knowledge or information.

67. Defendant Simon states that Bravata told him in May or early June 2009 that he (Bravata) would start offering securities in a new entity BBC Capital LLC which Bravata indicated was to be renamed Phoenix Venture Capital, LLC which would own BBC Equities, Bravata Financial and other entities; as to the remaining allegations therein, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

## Aaron Simon Equity Trust Company, and the Plaintiff's Loss

68.    Defendant Simon admits that he was friends with Lincoln Crocker; Defendant Simon further answers that in 1998 John Bravata hired him at New York Life where Bravata was Defendant Simon's supervisor until approximately 2000 when as far as he knows, Bravata left New York Life; Defendant Simon denies he was employed by Bravata Financial around 2006 but admits he was hired in July 2008 and resigned on June 30, 2009.

69.    Defendant Simon admits he did discuss BBC Equities with Plaintiff.

70.    Defendant Simon admits he did provide copies of BBC Equities materials to Plaintiff but denies he knew they were misleading and believed that such materials had been pre-approved or reviewed by experienced securities legal counsel.

71.    Defendant Simon denies, and states that the first time he met with Plaintiff to discuss an investment in BBC, Plaintiff immediately invested.   The remainder of the allegations are denied as untrue.

72.    Admit.

73.    Denied.

74.    Defendant Simon states he was entitled to a 3% commission and that the PPM disclosed that commissions would be paid on at least its pages 1 and 26.  Defendant Simon denies any improper personal interest.

76.    [(sic) actually allegation paragraph number 75.]  Defendant Simon states he discussed what he was led to believe was an appropriate investment opportunity with some potential investors; that when he joined in July 2008 his job was to hire and supervise other employees; as to the remaining allegations Defendant Simon neither admits nor denies as they constitute legal conclusions or are ambiguous; Defendant Simon further answers that he had no knowledge of a ponzi scheme.

75.    [(sic) actually allegation paragraph number 76.]  Defendant Simon admits Plaintiff Crocker invested $250,000 into Class D shares beginning with a $150,000 transferred from his 401(k) account; as to the remaining allegations, Defendant Simon neither admits nor denies for lack of specific knowledge.  Plaintiff's further allegations refer to specific activities of Equity Trust Company and are best answered by it as Defendant Simon is not familiar with specific interactions with it; as to the remaining allegations, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

9

77.    Plaintiff's allegations refer to specific activities with, or of, Equity Trust Company and are best answered by it as Defendant Simon is unfamiliar with most of the interactions referred to except to admit to his information and belief Equity Trust was suppose to act as the fund custodian; as to any further allegation therein, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

78.    Defendant Simon admits Plaintiff became concerned about his investment and requested a return.

79.    It was not within Defendant Simon's power to force the return of Plaintiff Crocker's investment but Defendant Simon tried several times on Crocker's behalf to get the corporate office to respond to him; it was not Defendant Simon that promised distribution would take 60 days but to his belief other Bravata Financial employees.

80.    Defendant neither admits nor denies for lack of specific knowledge or information except to state that he is unaware of what Equity Trust could have done to assist investors in redeeming their investments.

81.    Defendant Simon answers that he attempted a number of times to contact other Defendants on behalf of Plaintiff Crocker and that John Bravata's brother Joe Bravata did return one of Mr. Crocker's telephone calls and that Defendant Simon was on the line at the same time with Mr. Crocker. Joe Bravata did indicate money was to be coming but that it was up to John Bravata. Defendant Simon further believes that Mr. Crocker did not receive his money back but is unaware whether or not John Bravata has tried to call Crocker personally; Defendant Simon further answers that every time Crocker called/e-mailed him about his redemption request that he responded by attempting to reach the corporate office to check on the status of Crocker's redemption; Defendant Simon further answers that on the day of his resignation, June 30, 2009, he was finally able to arrange a conference call between John Bravata and Crocker and Defendant Simon listened on as John Bravata promised Crocker he would get his investment back.

### Count I
### Violations of Section 12(a)(1) – The Securities Act

82.    Defendant Simon incorporates by reference all prior paragraph of this Answer as if fully stated herein.

10

83.    Defendant Simon neither admits nor denies as the allegations are legal conclusions or statements, except to admit he was given to provide clients, and therefore led to believe by Bravata Financial that, a PPM and a Subscription Agreement were all that was required; as to any remaining allegations therein, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

84.    Defendant Simon neither admits nor denies for lack of specific knowledge or information except that he was led to believe only a private placement memorandum and a subscription agreement were required.

85.    Defendant Simon neither admits nor denies as the allegations are legal conclusions.

86.    Defendant Simon neither admits nor denies for lack of specific knowledge or information except to admit he believes Plaintiff has suffered a loss.

87.    Defendant Simon neither admits nor denies as the allegations are legal conclusions.

<div style="text-align:left; font-weight:bold; writing-mode:vertical-rl;">KEMP, KLEIN, UMPHREY, ENDELMAN & MAY, PC</div>

**Count II**
**Violations of Section 10(b) of the Exchange Act (15 U.S.C. §78(j)(b)) and**
**Rule 10b-5 Thereunder (17 C.F.R. §240.10(b)-5**

88.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

89.    Defendant Simon denies he engaged in any intentional or knowing or negligent wrongdoing and denies that he knew prior to the time of the OFIR Order of any alleged wrongdoing of others; as to other allegations, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

90.    Defendant Simon denies he acted with "scienter" in that he did not, with a willful, intentional, knowing or negligent intent, or recklessly engage in any wrongdoing and as to the other allegations neither admits nor for lack of specific knowledge or information.

91.    Defendant Simon denies he willfully, intentionally, knowingly or negligently or recklessly made any materially false or misleading statements at the time made and Defendant Simon neither admits nor denies for lack of specific knowledge or information why all members of the purported class acted as they did.

11

92.    Defendant Simon neither admits nor denies for lack of specific knowledge or information with respect to all the purported members of the purported class except to admit that Plaintiff's investment seems lost.

93.    Defendant Simon neither admits nor denies as Plaintiff is arguing a legal conclusion or matter.

94.    Defendant Simon neither admits nor denies as the paragraph states legal conclusions.

### Count III
### Violations of Section 15 of the Securities Act (15 U.S.C. §77(o))

95.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

96.    Defendant Simon neither admits nor denies for lack of specific knowledge or information of what all Defendants did except to state he was hired to help run the Kalamazoo office and was not otherwise involved in management or operations of the Corporate Defendants.

97.    Denied as to Defendant Simon because he did not "control" the Corporate Defendants and was not a controlling person and as to all the other Defendants neither admits nor denies for lack of specific knowledge or information.

98.    Defendant Simon denies because he did not "control" the Corporate Defendants and was not a controlling person and as to all the other Defendants neither admits nor denies for lack of specific knowledge or information.

### Count IV
### Relief as to Defendant Shari Bravata

99.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

100.    Defendant Simon neither admits nor denies for lack of specific knowledge or information.

101.    Defendant Simon neither admits nor denies for lack of specific knowledge or information.

12

102.    Defendant Simon neither admits nor denies for lack of specific knowledge or information.

103.    Defendant Simon neither admits nor denies for lack of specific knowledge or information.

104.    Defendant Simon neither admits nor denies for lack of specific knowledge or information.

105.    Defendant Simon neither admits nor denies for lack of specific knowledge or information.

## Count V
## Intentional Fraud

106.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

107.    As the allegations are non-specific and ambiguous, Defendant Simon neither admits nor denies for lack of specific knowledge or information except to state he made no intentional, knowing or negligent or reckless misrepresentations to the public at large or to Mr. Crocker or any other purported class member.

108.    Defendant Simon denies the allegation as it may relate to himself and as to other Defendants neither admits nor denies for lack of specific knowledge or information.

109.    Defendant Simon denies the allegation as it may relate to himself and as to other Defendants neither admits nor denies for lack of specific knowledge or information.

110.    Defendant Simon neither admits nor denies as he is unaware of exactly what Plaintiff or other class members "did rely on"; and further answers that he, Defendant Simon, did not intentionally, knowingly, or negligently make any false statements.

111.    Defendant Simon denies he "enjoyed" substantial financial gain except to admit he was entitled to some commissions of 3% and that he believes Plaintiff and other investors did suffer financial loss; as to the remaining allegations, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

KEMP, KLEIN, UMPHREY, ENDELMAN & MAY, PC

13

## Count VI
## Negligent Misrepresentation

112.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

113.    As the allegations are non-specific and ambiguous, Defendant Simon neither admits nor denies for lack of specific knowledge or information except to state he made no intentional, knowing or negligent or reckless misrepresentations or omissions.

114.    Defendant Simon denies the allegations as they relate to himself and as to other Defendants neither admits nor denies for lack of specific knowledge or information.

115.    Defendant Simon denies that he intentionally, knowingly or negligently or recklessly made any false statements or that he intended for Plaintiff to rely on false statements and as to the other Defendants he neither admits nor denies for lack of specific knowledge or information.

116.    Defendant Simon denies as to himself as he did not intentionally, knowingly or negligently or recklessly make false statements and as to the remaining Defendants, neither admits nor denies for lack of specific knowledge or information.

117.    Defendant Simon denies he "enjoyed substantial financial gain" except to admit he was entitled to some commissions of 3% and does believe Plaintiff and other investors did suffer financial loss; as to any remaining allegations, Simon neither admits nor denies for lack of specific information.

## Count VII
## Silent Fraud

118.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

119.    As the allegations are non-specific and ambiguous, Defendant Simon neither admits nor denies for lack of specific knowledge or information except to state that he made no intentional, knowing or negligent or reckless misrepresentations or omissions nor was he involved in diverting money from BBC for his personal use or running a ponzi scheme.

14

120.    Defendant Simon denies he knew that any representations to Plaintiff were false and as to other Defendants neither admits nor denies for lack of specific knowledge or information.

121.    Defendant Simon denies as the allegations relate to himself and as to the other defendants, neither admits nor denies for lack of specific knowledge or information.

122.    Defendant Simon neither admits nor denies for lack of specific knowledge or information.

123.    Defendant Simon denies he "enjoyed substantial gain" except to state he was entitled to some commissions of 3% and that he believes Plaintiff and other investors did suffer financial loss; as to the other remaining allegations, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

## Count VIII
### Negligence

124.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

125.    Defendant Simon denies that he intentionally, knowingly or negligently misdirected Plaintiff's or anyone else's funds or violated any duty and as to the other defendants, neither admits nor denies for lack of specific knowledge or information.

126.    Defendant Simon denies he breached any duty or that he mismanaged funds or engaged in any scheme and as to the other defendants neither admits or denies for lack of specific information.

127.    Defendant Simon denies he acted negligently or engaged in any mismanagement and as to the other defendants, neither admits nor denies for lack of specific knowledge or information.

## Count IX
### Breach of Fiduciary Duty

128.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

129.    Defendant Simon denies he breached any duty or that he held himself out as Plaintiff's "investment advisor;" Defendant Simon also denies that he intentionally,

15

knowingly or negligently or recklessly participated in any investment scheme and as to the remaining defendants he neither admits nor denies for lack of specific knowledge or information.

130.    Defendant Simon denies that he breached any fiduciary duty and he further answers that he did not know of the alleged ponzi or that he failed to perform adequate due diligence or that he mismanaged BBC Equities or that he withdrew funds from BBC Equities for personal use and as to the remaining allegations, neither admits nor denies for lack of specific knowledge or information.

131.    Defendant Simon denies he breached any fiduciary duty and therefore Plaintiff's and other members' alleged losses were not "as a result of" his acts nor as a result of his alleged breach of any duty.

## Count X
## Intentional Fraud

132.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

133.    Defendant Simon denies he made any intentional, knowing or negligent or reckless misrepresentations or omissions and further answers he had no access to the referred to "books."

134.    Defendant Simon denies that he made any intentional, knowing or negligent or reckless misrepresentations or omissions or that he "adopted" any but does admit he provided the second PPM prepared by BBC legal counsel to Plaintiff and some other investors.

135.    Defendant Simon denies he made any intentional, knowing or negligent or reckless misrepresentations or omissions.

136.    Denied.

137.    Defendant Simon denies he made any intentional, knowing or negligent or reckless misrepresentations or omissions and as to other statements or allegations therein, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

138.    Defendant Simon admits he was entitled to some commissions and the fact that commissions were to be paid was disclosed in the PPM; as to the remaining allegations,

KEMP, KLEIN, UMPHREY, ENDELMAN & MAY, PC

16

Simon neither admits nor denies for lack of specific knowledge or information except that he believes Plaintiff as well as others did suffer a loss as a result of the other Defendants' acts.

<div align="center">

**Count XI**
**Negligent Misrepresentation**

</div>

139.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

140.    Defendant Simon denies he made any intentional, knowing or negligent misrepresentations and further answers he had no access to the referred to "books."

141.    Defendant Simon denies that he made any intentional, knowing or negligent misrepresentations, or that he "adopted" any, but does admit he provided the second PPM prepared by BBC legal counsel to Plaintiff and some other investors.

142.    Defendant Simon denies he made any intentional, knowing or negligent misrepresentations.

143.    Denied.

144.    Defendant Simon denies he made any intentional, knowing or negligent misrepresentations and as to other statements or allegations therein, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

145.    Defendant Simon admits he was entitled to some commissions and the fact that commissions were to be paid was disclosed in the PPM; as to the remaining allegations, Simon neither admits nor denies for lack of specific knowledge or information except that he believes Plaintiff as well as others did suffer a loss as a result of the other Defendants' acts.

<div align="center">

**Count XII**
**Silent Fraud**

</div>

146.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

147.    Due to the non-specific nature and ambiguity of the allegations, Defendant Simon neither admits nor denies for lack of specific knowledge or information but does admit he provided Plaintiff with the second PPM which Defendant Simon believed was prepared by John Sellers, a securities attorney and general counsel of Bravata Financial and Defendant Simon had at the time no reason to believe it was incorrect or misleading.

<div align="center">

17

</div>

148.   Due to its legal conclusions and ambiguities, Defendant Simon neither admits nor denies for lack of specific knowledge or information except to state he had no knowledge of the so-called improprieties alleged and that John Bravata did use the words when referring to 12% returns that they were "too good to be true" but that such statement by Bravata did not inform him that paying such 12% annual returns were connected to a ponzi scheme and Defendant Simon indicates he had no such knowledge of any scheme.

149.   Defendant Simon denies he was aware of or "should have known of," or could have known of, any omissions or misleading statements.

150.   Plaintiff's allegations constitute mere conclusions and are ambiguous and overly broad as they address not only Plaintiff but all other purported "members of the class," therefore Defendant Simon neither admits nor denies for lack of specific knowledge or information but does admit he believes Plaintiff was not aware of any improprieties, just as Defendant Simon himself was also unaware of any scheme or improprieties.

<div style="text-align:center">

**Count XIII**
**Breach of Fiduciary Duty**

</div>

151.   Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

152.   Defendant Simon denies he improperly "financially benefited from Plaintiff's and other members" except to state he was entitled to a 3% commission and that payment of commissions was disclosed in the PPM; further he admits he is aware that Crocker and others suffered financial loss.

153.   Denied in general and in specific denies that he told Crocker that he was his "fiduciary."

154.   Defendant Simon denies he breached any alleged duty or engaged in any intentional, knowing or negligent or reckless impropriety or that he knew of any alleged Ponzi scheme.

155.   Denied as Plaintiff's loss was not "as a result of" any alleged breach by Simon but that such losses as are alleged were due to the apparent (and, at the time they may have occurred, unknown to Defendant Simon) acts of other defendants.

18

## Count XIV
### Breach of Agency

156.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

157.    Due to the ambiguity of the word "agent" and its legal conclusions, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

158.    Defendant Simon denies he breached any duty.

159.    Defendant Simon denies, as Defendant Simon breached no duty.

## Count XV
### Negligence

160.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

161.    As to what duties Equity Trust might have had and then breached or failed to perform, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

162.    As to what duties Equity Trust might have had and then breached or failed to perform, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

163.    As to what duties Equity Trust might have had and then breached or failed to perform, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

164.    As to what duties Equity Trust might have had and then breached or failed to perform, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

165.    As to what duties Equity Trust might have had and then breached or failed to perform, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

KEMP, KLEIN, UMPHREY, ENDELMAN & MAY, PC

## Count XVI
## Breach of Fiduciary Duty

166.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

167.    As to what duties Equity Trust might have had and then breached or failed to perform, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

168.    As to what duties Equity Trust might have had and then breached or failed to perform, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

169.    Defendant Simon denies that he was a "fiduciary" or that anyone's losses were "as a result of Agent's breach of a fiduciary duty."

## Count XVII
## Breach of Agency

170.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

171.    Defendant Simon neither admits nor denies due to lack of specific knowledge or information concerning exactly what Equity Trust did or did not do.

172.    Defendant Simon neither admits nor denies due to lack of specific knowledge or information concerning exactly what Equity Trust did or did not do.

173.    Denied.

## Count XVIII
## Sale of A Security by Means of Understatements in
## Violation of Michigan Uniform Securities Act

174.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

175.    Plaintiff's allegations state a legal conclusion and require no answer.

176.    Defendant Simon denies he intentionally, knowingly or negligently or recklessly made untrue statements or representations or omissions of material facts, and did

20

not know any information he provided was false; as to all the other defendants, he neither admits nor denies due to lack of specific knowledge or information.

177.    Defendant Simon denies he intentionally, knowingly or negligently or recklessly made untrue statements or representations or omissions of material facts and did not know any information he provided was false; as to all the other defendants, he neither admits nor denies due to lack of specific knowledge or information.

178.    Defendant Simon neither admits nor denies due to the ambiguities and non-specific nature of "these statements" and due to lack of specific knowledge or information.

179.    Defendant Simon denies he intentionally, knowingly or negligently or recklessly made untrue statements or misrepresentations or omissions of material facts and did not know any information he provided was false; as to all the other defendants, he neither admits nor denies due to lack of specific knowledge or information.

### Count XIX
### Sale of a Security by Omission of Material Facts
### In Violation of the Michigan Act

180.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

181.    Defendant Simon answers that he had no knowledge of a Ponzi scheme or of diversion of investors' monies and further answers that he made no statements other than those based upon what was contained in the PPM which he had every reason to believe was prepared by legal counsel and correct.

182.    Defendant Simon did not intentionally, knowingly or negligently or recklessly omit any material facts; as to what other defendants said, did or not do, or omitted or not, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

183.    Due to the ambiguities and broadness of the allegation and what all investors knew or did not know, Defendant Simon neither admits nor denies for lack of specific knowledge or information.  Defendant Simon denies that he intentionally, knowingly or negligently or recklessly omitted any material facts and as to what other defendants did or did not do, he neither admits nor denies for lack of specific knowledge or information.

KEMP, KLEIN, UMPHREY, ENDELMAN & MAY, PC

21

184.    Defendant Simon denies he intentionally, knowingly or negligently or recklessly omitted any material facts of which he was aware, and as to other Defendants neither admits nor denies for lack of specific knowledge or information.

### Count XX
### Sale of an Unregistered Security Required to be Registered by the Michigan Act

185.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

186.    These allegations constitute legal conclusions and require no answer; except Defendant Simon states that he had nothing to do concerning legal issues of registering or with questions of the necessity thereof as presumably that was a duty of the Senior Defendants and legal counsel.

187.    These allegations constitute legal conclusions and require no answer; except Defendant Simon states that he had nothing to do concerning legal issues of registering or with questions of the necessity thereof as presumably that was a duty of the Senior Defendants and legal counsel.

188.    Whether anyone suffered financial loss merely because the membership interests were allegedly required to be "registered," Defendant Simon neither admits nor denies for lack of specific knowledge or information.

### Count XXI
### Violation of 18 U.S.C. §1962(c)

189.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

190.    The allegations constitute legal conclusions or statements and as a result require no answer; as to any portion that is not a legal conclusion or statement, Defendant Simon neither admits nor denies due to lack of specific knowledge or information.

191.    The allegations constitute legal conclusions or statements and as a result require no answer; as to any portion that is not a legal conclusion or statement, Defendant Simon neither admits nor denies due to lack of specific knowledge or information.

192.    Defendant Simon denies he intentionally, knowingly or negligently or recklessly participated in any alleged fraudulent scheme; Defendant Simon additionally

KEMP, KLEIN, UMPHREY, ENDELMAN & MAY, PC

22

answers that the allegations are merely legal conclusions or statements and that he did not intentionally engage in any scheme to defraud.

193.    Due to its ambiguities and legal conclusions, Defendant Simon neither admits nor denies for lack of specific knowledge or information.

194.    Defendant Simon denies he had "control" and as to the remaining defendants, neither admits nor denies for lack of specific knowledge or information.

195.    Defendant Simon denies he intentionally, knowingly or negligently or recklessly engaged in any wrongdoing; further Defendant Simon answers the allegations are legal conclusions or statements not requiring an answer.

196.    These allegations are so compounded, non-specific and ambiguous that Defendant Simon neither admits nor denies for lack of specific knowledge or information except to answer he did not engage intentionally, knowingly or negligently or recklessly in any illegal acts or scheme, nor did he engage in "thousands of communications" with any party or parties; except he does admit he did have several communications with other defendants attempting to get the "Senior Defendants" to return Plaintiff's and other investors' monies.

197.    Defendant Simon admits defendant BBC Equities had a website.

198.    What all these defendants did or did not do is beyond Defendant Simon's knowledge or information and therefore neither admits nor denies.

199.    The allegations contain legal conclusions or statements and as such need not be answered, but Defendant Simon denies he intentionally, knowingly or negligently or recklessly engaged in any "pattern of racketeering activity."

200.    As the allegation is premised on a legal conclusion, i.e., that racketeering activity existed, it requires no answer; however Defendant Simon further answers he did not intentionally, knowingly or negligently or recklessly engage in any wrongdoing.

201.    As the allegation is premised on a legal conclusion, i.e., that racketeering activity existed, it requires no answer; however Defendant Simon further answers he did not intentionally, knowingly or negligently or recklessly engage in any wrongdoing.

23

<div align="center">

**Count XXII**
**Violation of 18 U.S.C. §1962(a)**

</div>

202.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

203.    As Defendant Simon is not a "Corporate Defendant," he neither admits nor denies for lack of specific knowledge or information.

204-205.    As Defendant Simon is not an "Executive Defendant," he neither admits nor denies for lack of specific knowledge or information.

206.    The allegation is a legal conclusion and requires no answer.

207.    As the allegations apply to the "Executive Defendants," Defendant Simon neither admits nor denies for lack of specific knowledge or information.

<div align="center">

**Count XXIII**
**Violation of 18 U.S.C. §1962(b)**

</div>

208.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

209.    As Defendant Simon is neither a "Corporate Defendant" nor an "Executive Defendant," he neither admits nor denies for lack of specific knowledge or information.

210.    Defendant Simon is not an "Executive Defendant" and neither admits nor denies for lack of specific knowledge or information.

211.    Defendant Simon is not an "Executive Defendant" and neither admits nor denies for lack of specific knowledge or information.

212.    The allegation is a legal conclusion and therefore requires no answer.

213.    Defendant Simon is not an "Executive Defendant" and neither admits nor denies for lack of specific knowledge or information.

<div align="center">

**Count XXIV**
**Violation of 18 U.S.C. §1962(d)**

</div>

214.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

215.    Whatever §1962(d) provides speaks for itself.

<div align="center">24</div>

216.    Defendant Simon denies that he intentionally, knowingly or negligently or recklessly participated or conspired to violate any laws; as to the other defendants neither admits nor denies for lack of specific knowledge or information.

217.    Defendant Simon denies and further states that he did not intentionally, knowingly or negligently or recklessly engage in any wrongful acts or "acts in furtherance of a conspiracy" and was unaware of any purported ongoing fraudulent acts; and as to the other defendants neither admits nor denies for lack of specific knowledge or information.

218.    The allegations contain legal statements or conclusions that require no answer; however, Defendant Simon further answers he did not intentionally, knowingly or negligently or recklessly engage in any wrongful acts or "conspiracy" or any fraud, and was unaware of "ongoing fraudulent acts;" and as to the other defendants neither admits nor denies for lack of specific knowledge or information.

219.    The allegations contain legal statements or conclusions that require no answer; however, Defendant Simon further answers he did not intentionally, knowingly or negligently or recklessly engage in any wrongful acts or "conspiracy" or any fraud, and was unaware of "ongoing fraudulent acts;" and as to the other defendants neither admits nor denies for lack of specific knowledge or information.

220.    The allegations contain legal statements or conclusions that require no answer; however, Defendant Simon further answers he did not intentionally, knowingly or negligently or recklessly engage in any wrongful acts or "conspiracy" or any fraud, and was unaware of "ongoing fraudulent acts;" and as to the other defendants neither admits nor denies for lack of specific knowledge or information.

221.    Denied.

### Count XXV
### Accounting

222.    Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

223.    This allegation involves other defendants and therefore Defendant Simon neither admits nor denies for lack of specific knowledge or information.

25

224.   Defendant Simon was led to believe the funds would be used for business purposes and in fact invested his own money and that of his father and father-in-law.

225.   Defendant Simon answers he did not use any of the money for extravagant personal purchases and to the other allegations, neither admits nor denies for lack of specific knowledge or information.

226.   Defendant Simon did not produce any misleading financial statements. As to other defendants, neither admits nor denies for lack of specific knowledge or information.

227.   Defendant Simon denies that he did anything alleged herein. As to other defendants, neither admits nor denies for lack of specific knowledge or information.

228.   Defendant Simon denies any of his actions were the cause of the alleged issues in this allegation and as to the other defendants, neither admits nor denies for lack of specific knowledge or information.

## Count XXVI
## Conversion

229.   Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

230.   This Count and allegations 230-234 refer to other defendants and not to Defendant Simon; accordingly, he neither admits nor denies for lack of specific knowledge or information.

231.   This Count and allegations 230-234 refer to other defendants and not to Defendant Simon; accordingly, he neither admits nor denies for lack of specific knowledge or information.

232.   This Count and allegations 230-234 refer to other defendants and not to Defendant Simon; accordingly, he neither admits nor denies for lack of specific knowledge or information.

233.   This Count and allegations 230-234 refer to other defendants and not to Defendant Simon; accordingly, he neither admits nor denies for lack of specific knowledge or information.

KEMP, KLEIN, UMPHREY, ENDELMAN & MAY, PC

234.   This Count and allegations 230-234 refer to other defendants and not to Defendant Simon; accordingly, he neither admits nor denies for lack of specific knowledge or information.

## XXVII
### Conspiracy

235.   Defendant Simon incorporates by reference all prior paragraphs of this Answer as if fully stated herein.

236.   Defendant Simon denies that he intentionally, knowingly or negligently or recklessly engaged "in a common effort" to violate any law, make fraudulent misstatements or committed "silent fraud" or deliberately or otherwise engaged in any "fraudulent course of action" and as to other defendants, he neither admits nor denies for lack of specific knowledge or information.

237.   Defendant Simon denies that he intentionally, knowingly or negligently or recklessly engaged "in a common effort" to violate any law, make fraudulent misstatements or committed "silent fraud" or deliberately or otherwise engaged in any "fraudulent course of action" and as to other defendants, he neither admits nor denies for lack of specific knowledge or information.

238.   Defendant Simon denies that he intentionally, knowingly or negligently or recklessly engaged "in a common effort" to violate any law, make fraudulent misstatements or committed "silent fraud" or deliberately or otherwise engaged in any "fraudulent course of action" and as to other defendants, he neither admits nor denies for lack of specific knowledge or information.

239.   Defendant Simon denies that he intentionally, knowingly or negligently or recklessly engaged "in a common effort" to violate any law, make fraudulent misstatements or committed "silent fraud" or deliberately or otherwise engaged in any "fraudulent course of action" and as to other defendants, he neither admits nor denies for lack of specific knowledge or information.

KEMP, KLEIN, UMPHREY, ENDELMAN & MAY, PC

## Relief Requested

WHEREFORE, Defendant Simon requests that Plaintiff's Complaint be dismissed as to himself, or that judgment be entered on the Complaint for no cause of action regarding himself and that he receive his costs and reasonable attorney's fees incurred in defense.

/s/ Stuart Sinai (P20523)
KEMP KLEIN LAW FIRM
Attorneys Defendant Aaron Simon, Only
201 W. Big Beaver Road, Suite 600
Troy, MI 48084
(248) 528-1111
stuart.sinai@kkue.com

Dated: January 20, 2010
#651786

## Affirmative Defenses

For his Affirmative Defenses, Defendant Aaron Simon raises the following which are known to him at this time.

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted as to Defendant Simon.

2.     Plaintiff has failed to alleged fraud with particularity required by Rule 9(b), Federal Rules of Civil Procedure.

3.     Plaintiff's Complaint fails to satisfy the heightened pleading requirements of the Private Securities Litigation Reform Act ("PSLRA") of 1995 (§21(D)(b) of the Securities Exchange Act of 1934) as such Complaint fails to state with sufficient particularity facts giving rise to a strong inference that Defendant Simon acted with the required state of mind, i.e., acted with "scienter," fraudulent intent, and therefore such Complaint should be dismissed.

4.     Any statements made by Defendant Simon to Plaintiff were true or believed to be true at the time made.

5.     Plaintiff's Complaint does not provide sufficient evidence to indicate or implicate Defendant Simon in any deliberate, willful, intentional, knowing or negligent or reckless wrongdoing; further, Plaintiff's Complaint fails to suggest adequately or with the particularity required, that Defendant Simon engaged knowingly in a deliberate fraud or that

28

he even knew of the fraudulent scheme or that he recklessly disregarded evidence of it or deliberately shut his eyes to it as Defendant Simon and his father and father-in-law were also fooled into becoming investors in this scheme.

6.    Plaintiff's allegations of securities fraud, negligence, Silent Fraud, and other counts amount to no more than an "aiding and abetting" theory and are non-actionable as to Defendant Simon. *Central Bank of Denver v. First Interstate Bank of Denver,* 511 U.S. 164 (1994); *Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.,* 128 S. Ct. 761 (2008).

7.    Plaintiff Crocker made his own investment decisions, and Defendant Simon did not have discretionary authority for Crocker's investments and therefore Defendant Simon was not his "fiduciary" and therefore could not have breached such non-existent duty. It has been long established that a securities broker is not the fiduciary of a customer who does not have discretionary accounts. See, e.g., *Leib v. Merrill Lynch et al.,* 461 F. Supp. 951, 952 (E.D. Mich. 1978) (brokers are not fiduciaries of non-discretionary accounts). See also, *First of Michigan v. Swick,* 894 F. Supp. 298, 300 (E.D. Mich. 1995).

8.    Plaintiff's theories of liability against Defendant Simon are barred, fail for the reason that Defendant Simon was not the proximate cause/reason that Plaintiff and other investors suffered damages.

9.    Plaintiff and other investors' damages were caused by third parties, not Defendant Simon.

10.    All of Plaintiff's claims against Defendant Simon are barred, fail, for the reason that Defendant Simon acted in good faith and without intent to defraud.

11.    Alleged violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO") [Simon is named in only one RICO Count XXIV alleging violation of 1962(d)] are inapplicable at bar as to Defendant Simon and all other defendants pursuant to 18 U.S.C.A. §1964(c). §1964(c) provides that "no person" may bring a RICO civil action the bases for which "rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of Section 1962."

12.    Defendant Simon reserves the right to add such further affirmative defenses as may become known in investigation and discovery.

KEMP, KLEIN, UMPHREY, ENDELMAN & MAY, PC

Defendant Aaron Simon request that this Court enter judgment in his favor against Plaintiff for no cause of action or that it dismiss with prejudice the Complaint, and award to Aaron Simon his costs and reasonable attorney's fees incurred in defense.

/s/ Stuart Sinai (P20523)
KEMP KLEIN LAW FIRM
Attorneys Defendant Aaron Simon, Only
201 W. Big Beaver Road, Suite 600
Troy, MI 48084
(248) 528-1111
stuart.sinai@kkue.com

Dated: January 20, 2010

## Certificate of Service

I hereby certify that on January 20, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following attorney(s):

Mark L. Newman (P51393)
Attorneys for Plaintiff
mln@millerlawpc.com

/s/ Stuart Sinai P20523
Kemp Klein Law Firm
201 W. Big Beaver Road, Suite 600
Troy, MI 48084
(248) 528-1111
stuart.sinai@kkue.com

KEMP, KLEIN, UMPHREY, ENDELMAN & MAY, PC